UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JENNIFER M. NOVICK** | **CIVIL ACTION** |
| Plaintiff, | |
| vs. | |
| **LIFE INSURANCE COMPANY OF NORTH AMERICA** | No.: 17-cv |
| Defendant. | |

The Plaintiff, JENNIFER M. NOVICK ("NOVICK"), by and through the undersigned counsel, hereby sues the Defendant, Life Insurance Company of North America ("CIGNA") and alleges:

## PRELIMINARY ALLEGATIONS

1. "Jurisdiction" – This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter ("ERISA") as it involves a claim by a Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question. This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, and to clarify Plaintiff's rights under the employee benefit plan administered and funded by the Defendant. Plaintiff seeks relief, including, but not limited to, payment of benefits, prejudgment and post judgment interest, reinstatement of plan benefits at issue herein, and attorney's fees and costs.

2. NOVICK was at all times relevant a plan participate under the Ocwen Financial Group Policy Number LK-0751533.

3. Defendant, CIGNA, is a Corporation with its principal place of business in the Commonwealth of Pennsylvania.

4. CIGNA is the insurer of benefits under the Plan and acted in the capacity of a claims administrator. As the decision maker and payor of plan benefits, CIGNA administered the claim with a conflict of interest and the bias this created affected the claims determination.

5. The Plan is an employee welfare benefit plan regulated by ERISA, established by the Ocwen Financial Group Policy, under which NOVICK was a participant, and pursuant to which NOVICK is entitled to short-term disability benefits. Pursuant to the terms and conditions of the Plan, NOVICK is entitled to disability benefits for the duration of the Plaintiff's short-term disability, for so long as NOVICK remains disabled as required under the terms and conditions of the plan.

6. Venue is proper in this district under 29 USC 1132 (e)(2), in that CIGNA is domiciled and licensed to transact business within the Commonwealth of Pennsylvania. Moreover, at all material times hereto NOVICK both lived and was employed within the Commonwealth of Pennsylvania.

## CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COST PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)

7. NOVICK incorporates by reference all preceding paragraphs as though fully set forth herein.

8. At all times relevant, NOVICK was an employee or former employee of Ocwen Financial Corporation and a plan participant under the terms and conditions of the Plan.

9. During the course of NOVICK'S employment, NOVICK became entitled to benefits under the terms and conditions of the Plan. Specifically, while NOVICK was covered under the Plan, she suffered a physical disability rendering her disabled as defined under the terms of the Plan.

10. As it relates to NOVICK'S current claim for benefits, the short-term disability coverage portion of the Plan defines disability as:

> *"The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is either:*
> 1. *Unable to perform all the material duties of his or her Regular Occupation; or*
> 2. *Unable to earn 80% or more of his or her Indexed Covered Earnings from working in his or her Regular Occupation*

11. Due to restrictions and limitations arising from a physical "sickness," resulting in "disability" from her occupation as Senior Manager, NOVICK made a claim to CIGNA for benefits under the Plan beginning May 10, 2016.

12. On or about July 20, 2016, CIGNA notified NOVICK that it was denying her claim for short term benefits from June 15, 2016 through August 1, 2016.

13. On or about August 11, 2016, NOVICK submitted a timely appeal of CIGNA'S adverse benefit determination.

14. On or about October 5, 2016, CIGNA notified NOVICK that it was upholding its prior decision denying benefits from June 15, 2016 through August 1, 2016.

15. The Plan offered a second appeal to Cigna's Appeal Review Unit.

16. On or about December 15, 2016, NOVICK submitted a voluntary second appeal of CIGNA'S adverse benefit determination while highlighting NOVICK'S medical records which support a finding of disability.

17. Thereafter, on January 6, 2017, CIGNA once again determined that its decision to deny benefits from June 15, 2016 through August 1, 2016 was appropriate.

18. NOVICK has fully complied with filing all mandatory administrative appeals required under the Plan, and exercised two levels of appeal of her short-term disability claim.

19. CIGNA breached the Plan and violated ERISA in the following respects:

   a. Failing to pay short-term disability benefits to NOVICK at a time when CIGNA and the Plan knew, or should have known, that Plaintiff was

      entitled to those benefits under the terms of the Plan, as NOVICK was disabled and unable to work and therefore entitled to benefits.

   b. After NOVICK'S claim was terminated in whole or in part, CIGNA failed to adequately describe to NOVICK any additional material or information necessary for NOVICK to perfect her claim along with an explanation of why such material is or was necessary.

   c. CIGNA failed to properly and adequately investigate the merits of NOVICK'S disability claim and failed to provide a full and fair review of NOVICK'S claims.

20. NOVICK believes and alleges that CIGNA wrongfully terminates her claim for shor-term disability benefits under the Plan, by other acts or omissions of which NOVICK is presently unaware, but which may be discovered in this future litigation and which NOVICK will immediately make CIGNA aware of once said acts or omissions are discovered by NOVICK.

21. As a proximate result of the aforementioned wrongful conduct of CIGNA under the plan, NOVICK has damages for loss of disability benefits.

22. As a further direct and proximate result of this improper determination regarding NOVICK'S claim for benefits, NOVICK, in pursing this action, has been required to incur attorney's costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), NOVICK is entitled to have such fees and costs paid by CIGNA.

23. The wrongful conduct of CIGNA has created uncertainty where non should exist; therefore, NOVICK is entitled to enforce her rights under the terms of the Plan and to clarify her right to future benefits under the Plan.

## REQUEST FOR RELIEF

WHEREFORE, JENNIFER M. NOVICK prays for relief against LIFE INSURANCE COMPANY OF NORTH AMERICA as follows:

1. Payment of short-term disability benefits from June 15, 2016 through August 1, 2016 in the amount of $9,275.48;

2. Purusant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursing this action;

3. Payment of prejudgment and post judgment interest as allowed for under ERISA; and

4. Such other and further relief as this Court deems just and proper.

Respectfully Submitted,

BY: /s/ Paul H. Young, Esquire
Attorney for Plaintiff
ID# 47028
YOUNG, MARR & ASSOCIATES, LLC
3554 Hulmeville Road, Suite 102
Bensalem, PA  19020